## THE CITY OF OKLAHOMA CITY v. JOHN DEAN.

(Filed February 11, 1905.)

**POLICEMEN—Term of Office.** Policemen in cities of the first class in the Territory of Oklahoma are not appointed for any definite length of time. Succeeding administrations in such cities, under the provisions of sec. 7, chap. 12, art. 1, Wilson's Statutes. have the power and it is their duty to appoint certain officials, among them policemen, and when such appointment has been made, and the appointee has qualified and entered upon the duties of the office, the term of his predecessor in office expires, as under the provisions of such statute the terms of such officers is made to expire when their successors are chosen.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before William P. Harper, Trial Judge.*

*S. A. McGinnis,* for plaintiff in error.

*Ledru Guthrie,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This was an action brought by the defendant in error in the probate court of Oklahoma Co., against the City of Oklahoma City, to recover the sum of $540 alleged to be due him for salary as a policeman in said city. The petition charges that he was such policeman of said city from the 13th day of April, 1903, to January 13, 1904, at a salary of $60 per month as fixed by the ordinance of said city. The answer of the city alleges that on the third day of April the administration of the city changed; that the plaintiff thereupon quit his duties, and never presented himself to assume the duties of a policeman after that time,

and that immediately after such change in the administration of said city his successor was appointed and qualified, and has since filled the office. The reply of plaintiff in error denied simply that he had at any time abandoned the office of policeman. The evidence taken in the case shows that the salary of the office has been paid to the successor of defendant in error in that office; that upon the change of administration in the city of Oklahoma City, the newly elected mayor directed the chief of police to inform the defendant in error that his services were no longer needed, which notice was given, and the defendant in error from that time has never presented himself for duty as such policeman. He worked for the Choctaw railroad, where he was employed for about six months at $45 per month, holding a commission as deputy sheriff, and worked about five weeks for a party named Whitstone at $8.00 per week and earned $1.35 from some other party.

The trial court awarded him judgment against the city in the sum of $221.00, from which judgment the case comes to this court upon errors of law occurring at the trial.

Section 7, chapter 12, article 1, Wilson's Annotated Statutes, provides:

"The mayor shall appoint, by and with the consent of the council, an assistant city marshal, a city engineer, a city physician and such policeman and other officers as the mayor and council may deem necessary. The officers so appointed shall hold their offices until their successors are chosen and qualified."

We think this language susceptible of only one construction, to wit: That the mayor and council of each succeeding administration in a city of the first class, shall appoint the officers named, who shall hold their office until

their successors are chosen and qualified. Such officers are not appointed for any specified term. Their power to act ends with the qualification of their successors, who have been chosen and qualified.

The pleadings in this case admitting as they do the appointment and qualification of defendant in error's successor at the time he was notified that his services were no longer desired, his right to the emoluments of the office must be held to have terminated at the time his successor was so chosen and qualified, and entered upon the duties of the office as his successor. It follows therefore that no judgment could be rightfully entered in favor of a policeman for salary covering a period of time when his successor in office was serving, after being duly appointed and qualified.

The judgment of the probate court of Oklahoma county is therefore reversed, and said cause is remanded to the probate court of Oklahoma county with directions to dismiss the same at the cost of the defendant in error.

Beauchamp, J., absent; all the other Justices concurring.